UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL HASHER, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | Civil Action No.: 10-cv-3435-DMC |
| v. | **OPINION** |
| MERRILL MAIN, | |
| Defendant. | |

**DICKSON, U.S.M.J.**

This matter comes before the court upon application by *pro se* Plaintiff Michael Hasher ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the Plaintiff's submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **denied**.

**I.  Background**

Michael Hasher ("Plaintiff") is an involuntarily civilly committed person pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30-4:27.24, et seq. Plaintiff was housed in the Kearny facility for sexually violent predators ("SVPs"); however, on or about May 12, 2010, he was transferred to the South Unit at East Jersey State Prison ("EJSP"). The South Unit was designated for isolation and punishment of select residents.

In his Complaint, Plaintiff asserted five claims for relief: (1) First Amendment retaliation violation against Merrill Main ("Defendant"); (2) violation of Plaintiff's constitutional rights due

to Plaintiff's transfer to and confinement in a prison facility as a civilly committed individual; (3) violation of Plaintiff's constitutional rights due to inadequate conditions of confinement; (4) denial of access to a law library; and (5) denial of group therapy/treatment sessions because of his transfer to the EJSP South Unit. The Court dismissed without prejudice Plaintiff's claims two (2) through five (5) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court allowed the retaliation claim to proceed against Defendant. Plaintiff subsequently filed this application for *pro bono* counsel on December 29, 2010.

**II.     Legal Standard**

In <u>Tabron v. Grace</u>, the Third Circuit established specific guidelines for determining whether the appointment of *pro bono* counsel is warranted. <u>See</u> 6 F.3d 147, 155-158 (3d Cir. 1993). The Third Circuit emphasized that, as a threshold matter, courts must analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation. <u>See id.</u> Only after a determination that an applicant's claim has merit in fact and law should a court move on to a consider and evaluate the factors outlined in <u>Tabron</u>. <u>See id.</u> at 155. The additional <u>Tabron</u> factors include whether:

> (1) the *pro se* party lacks the ability to present an effective case without an attorney;
> (2) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
> (3) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
> (4) the case is likely to turn on credibility determinations;
> (5) the case will require expert testimony; and
> (6) the party is unable to attain and afford counsel on his/her own behalf.

<u>See</u> <u>Parham v. Johnson</u>, 126 F.3d 454, 357 (3d Cir. 1997); <u>Tabron</u>, 6 F.3d at 155-56.

Courts must consider the ability of the plaintiff to present his or her case without the assistance of counsel. <u>See id.</u> at 156. In making this determination, courts "generally should

consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Id. Courts must "also consider the difficulty of particular legal issues . . . the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue investigation." Id.

### III. Analysis

In analyzing the merits of Plaintiff's Complaint, the Court is cognizant that a *pro se* plaintiff's complaint is held to a less stringent standard than pleadings filed by an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, the Court recognizes that civil rights allegations, however inartfully pleaded, are not meritless unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him to relief. See id. at 520-521.

Here, Plaintiff alleges that, after Plaintiff filed grievances against the STU and sought payment of back pay in state court, Defendant retaliated against him by selecting Plaintiff for placement in the South Unit and limiting Plaintiff to one treatment plan, instead of the seven he previously had. Plaintiff alleges that Defendant's retaliation violates his First Amendment rights. The Court finds that while Plaintiff's claims will require evidentiary support, Plaintiff has established that his claim has sufficient merit to allow the Court to proceed to the second stage of the Tabron analysis. Tabron, 6 F.3d at 156.

Under this analysis Plaintiff has not demonstrated that he lacks the ability to present an effective case. Plaintiff is literate, has access to a typewriter, and has demonstrated a sound understanding of his claims. Additionally, Plaintiff has shown the ability to accurately cite case law and perform research, and to present his claims in an articulate manner. Furthermore, the only remaining claim in this matter – a retaliation claim against one defendant - does not present

particularly complex issues. Plaintiff has not demonstrated at this time that the facts related to this claim are so complex that Plaintiff will be unable to complete sufficient factual investigation. Moreover, at this time, it does not appear that Plaintiff will require expert testimony in connection with his claim.

Finally, the ability of Plaintiff to obtain and afford counsel on his own behalf is a factor to be considered by the Court. Plaintiff states on his Application for *Pro Bono* Counsel in a Civil Rights Case that he is unable to retain an attorney because he has "no money" Notwithstanding, Plaintiff has not demonstrated that he requires an attorney at this time to pursue his claims. Based on review of Plaintiff's Complaint and current application, the Court finds that appointment of *pro bono* counsel is not appropriate at this time.

## IV. Conclusion

For the reasons stated, it is the finding of the Court that Plaintiff's application for appointment of *pro bono* counsel is **denied** without prejudice. An appropriate Order accompanies this Opinion.

JOSEPH A. DICKSON, U.S.M.J.

Date: February 15, 2011